**Charles A. DAWSON, Petitioner–Appellant,**

v.

**Cal A. TERHUNE, Director, Respondent–Appellee.**

**No. 02–56107.**

**D.C. No. CV–00–08456–MMM.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.[*]

Decided April 17, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

### MEMORANDUM[**]

California state prisoner Charles A. Dawson appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28

U.S.C. § 2253(a). Reviewing de novo, *Fernandez v. Roe,* 286 F.3d 1073, 1077 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 514, 154 L.Ed.2d 395 (2002), we affirm.

Dawson claims that he should be granted habeas relief because the prosecutor made a racially discriminatory peremptory challenge during jury selection. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court conducted a de novo review of this claim, held an evidentiary hearing, and found that Dawson had not shown that the prosecutor purposefully discriminated when making the challenge at issue. The district court's finding is not clearly erroneous. *See Stubbs v. Gomez,* 189 F.3d 1099, 1105, 1106–07 (9th Cir.1999) (stating that a district court's finding of no purposeful discrimination is reviewed for clear error; concluding that suspected untruthfulness based on responses to voir dire questions is a permissible basis for a peremptory challenge); *Turner v. Marshall,* 121 F.3d 1248, 1254 (9th Cir.1997) (stating that although it is not dispositive, the presence of minority jurors on the final panel "may be considered indicative of a nondiscriminatory motive"). Thus, the district court properly denied Dawson's petition.

**AFFIRMED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.